IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal Action No. 14-270 |
| v. | ) |
| | ) |
| | ) |
| CLINTON SCOTT, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION**

**CONTI, Senior District Judge**

### I.     Introduction

Pending before the court is motion to modify conditions of supervised release to permit marijuana use (ECF No. 990) by defendant Clinton Scott ("Scott" or "defendant"). According to Scott, he has a medical marijuana card. (Id. ¶ 2.) Scott requests permission from the court to use marijuana while on supervised release "to control his anger, anxiety and help calm his mental state" which are problems "stemming from past childhood trauma." (Id. ¶¶ 2-3.) The government opposes Scott's request and argues, among other things, that this court is without authority to permit Scott to violate federal law. (ECF No. 994.) The government is correct; Scott's request requires this court to modify his conditions of bond to permit him to violate federal law. This court is without authority to permit Scott to violate federal law and use marijuana. United States v. Cannon, 36 F.4th 496, 499 (3d Cir. 2022). Scott's motion will, therefore, be denied.

### II.     Procedural History and Background

On July 6, 2015, Scott pleaded guilty to a lesser included offense at count one of the indictment, i.e., conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846. On November 5, 2015, the court sentenced Scott to a term of imprisonment of 60 months and a term of supervised release of 4 years. (ECF No. 437.) The court imposed upon Scott conditions of supervised release, including the condition that Scott was prohibited from committing another federal, state, or local crime. (Id. at 3; 18 U.S.C. § 3583(d).)

According to the government, Scott was released from the custody of the Bureau of Prisons and commenced his term of supervised release in November 2018. (ECF No. 994 at 1.) On July 29, 2022, Scott filed the pending motion to modify the conditions of his supervised release to permit him to use marijuana pursuant to his medical marijuana card. (ECF No. 990.) On July 29, 2022, the government filed its response in opposition to Scott's motion. (ECF No. 994.)

Scott's motion to permit use of prescribed medical marijuana having been fully briefed is now ripe to be decided by the court.

**III.    Discussion**

Pursuant to 18 U.S.C. § 3583(d), the court must impose a mandatory condition of supervised release that the defendant not commit another federal, state, or local crime. Scott is subject to that condition.  The possession of marijuana, with one limited exception, is a federal crime. 21 U.S.C. §§ 812(c) and 844(a); Gonzales v. Raich, 545 U.S. 1, 14 (2005)  ("By classifying marijuana as a Schedule I drug, as opposed to listing it on a lesser schedule, the manufacture, distribution, or possession of marijuana became a criminal offense, with the sole exception being use of the drug as part of a Food and Drug Administration preapproved research study."). The Third Circuit Court of Appeals

has explained: "[I]t is beyond dispute that the use and possession of marijuana—even where sanctioned by a State—remains a violation of federal law." United States v. Cannon, 36 F.4th 496, 498 (3d Cir. 2022).

The federal law prohibiting the possession of marijuana, therefore, conflicts with Pennsylvania law permitting the use of medical marijuana, 35 Pa. Cons. Stat. §§ 10231.101–.2110.  The Supreme Court of the United States has explained: "The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." Gonzales, 545 U.S. at 29. This court is without authority to permit Scott to violate federal law; indeed, the court of appeals in Cannon explained:

> [U]se of marijuana for medical purposes, even where sanctioned by state law, remains a violation of federal law for purposes of § 3142(b), and **a District Court may not disregard that violation when deciding if a defendant has complied with the terms of their release.**

Cannon, 36 F.4th at 500 (emphasis added); Mitchell-Yarbrough, 2021 WL 3738911, at *8 (explaining that despite "differing conclusions on how to manage Defendants using medical marijuana on supervised release,…there has been general uniformity…[that a] Court cannot…modify the mandatory conditions of a Defendant's [ ] release to permit him to violate federal law by using medical marijuana.") (collecting decisions).

Based upon the foregoing, Scott's motion to modify the conditions of his supervised release to permit the use of medical marijuana will be denied.[1]

---

[1] The Consolidated Appropriations Act Rider of 2020 (the "Rider"), which "prohibits [the Department of Justice]…from using funds to prevent Pennsylvania from implementing its own laws that authorize the use, distribution, possession, or cultivation of medical marijuana," does not compel a different conclusion. Mitchell-Yarbrough, 2021 WL 3738911, at *8. As the court in Mitchell-Yarbrough explained, the Rider is not a source of authority for this court to permit a defendant to violate federal law. Courts have recognized that the Rider is relevant—if at all—only when a defendant invokes "the Rider

## IV. Conclusion

Scott's motion to modify conditions of supervised release will be denied. An appropriate order will be entered.

**BY THE COURT**,

Dated: November 8, 2022

**/s/ JOY FLOWERS CONTI**
Joy Flowers Conti
Senior United States District Court Judge

---

as a means for preventing the DOJ from expending funds to prosecute federal marijuana violations that otherwise comply with state law." Id. Thus, the Rider becomes relevant—if at all—"only if or when the Probation office petitions to violate [a] Defendant under the terms of his release and the Government attempts to prosecute said petition." Id.